UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-0999-JVS (ANx)                               Date  April 27, 2012

Title  Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Alan Mansfield | Sang Lee |

**Proceedings:**  Plaintiff's Motion for Entry of Order Preliminarily Approving Settlement and Class Notice Program (Fld 4-2-12)

Cause called and counsel make their appearances.  The Court's tentative ruling is issued.  Counsel make their arguments.  The Court DENIES, subject to further review on May 14, 2012 at 1:30 p.m., the plaintiff's motion and rules in accordance with the tentative ruling as follows:

Plaintiff Lolis Tackwood ("Tackwood"),[1] on behalf of himself and others similarly situated, (collectively, "Plaintiffs") and Defendant Krossland Communications, Inc. ("Krossland") jointly move for preliminary approval of a proposed class action settlement.  (Joint Mot., Docket No. 143.)  For the following reasons, the Motion is DENIED.

I.    Background

Krossland is a wholesaler/distributor of prepaid calling cards that distributes calling cards to other wholesalers and retailers in California, Nevada, Washington, and Oregon.  (Order Certifying Class, p. 1, Docket No. 133.)  Plaintiffs' complaint alleges that Krossland creates and distributes advertising, consisting of "point of purchase posters, website advertising, packaging and voice prompts," which "uniformly

---

[1] Plaintiff Carol Galvan ("Galvan") withdrew as a prospective class representative in response to Defendants' Opposition to Plaintiffs' Motion for Class Certification.  (Pl.'s Redacted Reply Br. p. 1 n. 1, Docket No. 125.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-0999-JVS (ANx)          Date  April 27, 2012

Title  Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

communicates to consumers that they will receive certain numbers of minutes at a given location for a certain cost" when in fact, the number of minutes provided is significantly less. (SAC ¶¶ 34-35.) Plaintiffs also allege that Krossland does not properly disclose "the substantial surcharges imposed on the use of such cards." (Id. at ¶ 35; see id. ¶¶ 38, 40, 42, 43.)

On October 25, 2011, the Court certified the following class:

> All persons residing in California and all other states where Krossland distributed and sold pre-paid calling cards who, since August 26, 2004, purchased, other than for purposes of re-sale, pre-paid calling cards that were distributed by Krossland, other than La Victoria and La Buena calling cards and calling cards distributed by AT&T, T-Mobile, or Boost.

The Class was certified with respect to Plaintiffs' UCL, CLRA, and breach of contract claims. The Court found that Plaintiffs had satisfied their burden pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for each of these claims.

On March 27, 2012, the parties signed a Class Settlement Agreement and Release (the "Settlement"). (Declaration of Alan M. Mansfield ("Mansfield Decl."), Ex. 1, Docket No. 143-2.) The parties jointly seek an order (1) granting preliminary approval of the Settlement; (2) directing that Class members be given notice of the settlement in the form and manner agreed to by the parties; and (3) setting a formal fairness hearing to determine whether the Settlement should be granted final approval. (Joint Mot., p. 2.)

II.  Discussion

Any class action settlement must be "fundamentally fair, adequate, and reasonable" before it merits the Court's preliminary approval and submission of the settlement to class members. Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982); see Fed. R. Civ. P. 23(e)(2). "The settlement must stand or fall in its entirety," and the Court may not delete, modify, or rewrite particular provisions. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | April 27, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc.,et al. | | |

While a number of procedural shortcomings in the prior settlement proposal have been cured (see Docket No. 101, pp. 5-6), the present record does not support preliminary approval. The Court finds the following shortcomings.

• There is no basis to determine the reasonableness of the $250,000 settlement fund by any measure (e.g., face value of cards sold during class period, potential exposure, other).

• There is no basis to determine the reasonableness of the $16 maximum recovery for any class member (e.g., average purchases per class members, average value of cards purchases during class period).

• There is no basis to determine the reasonableness of the .20 rate for domestic use of a settlement PIN and .50 for international use of a settlement PIN (e.g., evidence of current market rates).

• The six month period for PIN usage appears unduly short.[2]

• Incentive compensation to Carol Galvan in light of her prior exclusion as adequate class representative.

• The Settlement is unclear on how proration of the settlement fund will be conducted.

In light of these shortcomings, the Court cannot find that the proposed settlement is fair, reasonable, or adequate.

---

[2] It is unclear whether the settlement PIN must be used within four or six months. The Settlement states that the PIN shall be valid for six months, (Settlement, p. 14), but the Proposed Class Notice (Mansfield Decl., Ex. C, p. 3) and Motion brief (Mot. Br., p. 4) state that the PIN shall be valid for four months.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-0999-JVS (ANx)                          Date  April 27, 2012

Title  Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

   III.   <u>Conclusion</u>

       For the foregoing reasons, the Court denies preliminary approval of the settlement.  The Court will evaluate the parties' revised proposal and reassess the matter at the 1:30 p.m. hearing on May 14th, 2012.

|  |  |  |
|---|---|---|
|  | 0 : 07 |  |
| Initials of Preparer | kjt |  |