WHATLEY DRAKE & KALLAS, LLC
Edith M. Kallas, Esq. (Admitted *Pro Hac Vice)*
ekallas@wdklaw.com
Ilze Thielmann, Esq. (Admitted *Pro Hac Vice*)
ithielmann@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7070
Fax: (212) 447-7077

THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN: 125998)
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

Attorneys *for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CAROL GALVAN, and LOLIS TACKWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KROSSLAND COMMUNICATIONS, INC.; and ALLCOM TELINK CORPORATION,<br><br>Defendants. | CASE NO. 8:08-CV-00999 JVS (ANx)<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND CLASS NOTICE PROGRAM**<br><br>Date: May 14, 2012<br>Time: 1:30 p.m.<br>Judge: Hon. James V. Selna<br>Trial Date: Vacated<br>Jury Trial Demanded<br><br>Complaint Filed: September 5, 2008 |

The Court has initially denied preliminary approval of this settlement (Dkt. 145), raising six issues which the Court has requested further information about, and setting an additional hearing to permit the parties to address these issues.

The parties have met and conferred over the issues raised by the Court. As set forth in Ex. 3 attached to the accompanying Supplemental Declaration of Alan M. Mansfield ("Suppl. Decl."), they have agreed to modify the proposed settlement in several material ways that hopefully will address several of the Court's concerns in terms of (1) the Refund PIN per minute rate for most international calls, (2) the duration of use for the Refund PIN, and (3) clarification of how proration would operate in the event the claims submitted by Class members exceed the amount in the net settlement fund. The Suppl. Decl. also provides the Court with additional information that further supports the reasonableness of the proposed settlement for purposes of both preliminary and final settlement approval. This Memorandum and Supp. Decl. was presented to Krossland's counsel for review, and they agree with its submission.

First, the Suppl. Decl. provides further support for the reasonableness of the amount of the cap proposed in the settlement, the bases for why it is reasonable and the financial, legal and factual considerations that went into its negotiation. As explained in the Suppl. Decl., it is counsels' belief based on these considerations that the alternative to this settlement in terms of continued proceedings or a trial will likely result in the Class members receiving no consideration at all. The Suppl. Decl. also sets forth an analysis of Krossland's potential liability under the claims at issue, as well as comparison information relating to other class action settlements with the underlying service providers for longer class periods, where the service providers made hundreds of millions of dollars each in the sales of these cards, and which settlements have been both preliminarily and finally approved. *See, e.g.*, *Ramirez v. Lycatel Group*, No. 07-5333, 2009 U.S. Dist. LEXIS 119630 (D.N.J.

///

Dec. 8, 2009).[1] Suppl. Decl. at ¶¶4-13, Exs. 1 and 2.

Second, the Suppl. Decl. addresses the Court's second question whether there was a basis to determine the reasonableness of the $16 maximum recovery for any Class member, in terms of average purchases per class member or the average face value of the calling cards purchased during the class period. The Supp. Decl. provides information considered by counsel in setting this amount and explaining how the maximum recovery is calculated, as well as why the 30% refund of the cards' face value is reasonable compensation for Class members' average overcharges. Suppl. Decl. at ¶¶14-15.

Third, the Suppl. Decl. addresses the Court's third question as to the reasonableness of the 20 cent rate for domestic calls and 50 cents for international calls, such as evidence of current market rates. In response to this concern, Krossland has agreed to amend the settlement to provide that the Refund PIN rate would be 20 cents for any calls in the United States and for landline calls anywhere in North, Central or South America. The 50 cents rate would only be for calls to international cell phones. According to the websites of companies such as T-Mobile, Verizon and AT&T Wireless, while the rates vary significantly, international calls to or from cell phones are billed at varying rates between 59 cents to over $2.00 per minute to countries such as Mexico, Honduras and El Salvador. As far as the reasonableness of the 20 cent rate, the Supp. Decl. submits evidence regarding pre-paid calling cards currently offered by AT&T that charge the same or higher domestic rates to the vast majority of states than would be provided for under this settlement. Suppl. Decl. at ¶¶16-17, Exs. 3 and 4.

Fourth, the Suppl. Decl. addresses the Court's concern that the six-month period for the Refund PIN usage was unduly short. While this period of time was selected because most pre-paid calling cards have a 90-day to six-month usage

---

[1] Copies of the final approval orders can be provided to the Court if it would be of assistance.

period from the date of card activation, to address this question, the parties have agreed to extend this usage period to one year from the date the Refund PIN is issued. Suppl. Decl., ¶18; Ex. 3, Amendment No. 1 to Agreement.

Fifth, the Suppl. Decl. addresses the question of the proposed incentive compensation to Carol Galvan in light of her prior exclusion as a class representative. We explain that Paragraph 13 of the Agreement provides that Plaintiffs would collectively ask the Court, subject to the Court's discretion to award it, for a total payment of $2,000 -- an amount less than typically requested for class representatives who participate in depositions, answer requests for discovery and participate in mediation, which both Plaintiffs did. Whether the Court decides to award only Mr. Tackwood that amount or a lesser amount is within this Court's discretion at the time of final approval, and the parties would obviously abide by whatever the Court orders. However, this issue should not require modification of either the Agreement or the class notices, although if the Court believes it necessary to do so now we can do so. Suppl. Decl., ¶19.

Finally, the Suppl. Decl. addresses the Court's sixth question regarding how proration of the net settlement fund would be conducted in the event the number of claims submitted exceeds the amount of the net settlement fund. Amendment No. 1 to the Agreement seeks to address this last issue by clarifying that Refund PINs will be issued in 50 cent increments. In addition, if the amount of claims submitted exceed the amount of the net settlement fund, these claims will be added together for a total dollar claim amount, and the net settlement fund divided by that amount to calculate a percentage reduction. Each claim would then be divided by that percentage, and rounded up to the nearest 50 cent increment. Suppl. Decl., ¶20.

Also attached to the Suppl. Decl. are redline versions of the settlement notice exhibits and claim forms for the Court to review that reflect the clarifications and amendments referenced in this Declaration and Amendment No. 1 to the Agreement. Suppl. Decl., ¶21, Exs. 5-10.

While the parties will be prepared at the next hearing to provide further information to the Court or respond to any further questions, they believe this additional information, combined with the amendments to the agreement accepted by the parties, should address the Court's concerns. They request the Court preliminarily approve the modified settlement.

Dated: May 4, 2012                         Respectfully submitted,

THE CONSUMER LAW GROUP

By: /s/ Alan M. Mansfield
ALAN M. MANSFIELD
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Telephone: (619) 308-5034
Facsimile: (888) 341-5048

WHATLEY DRAKE & KALLAS, LLC
Edith M. Kallas, Esq.
ekallas@wdklaw.com
Ilze C. Mansfield, Esq.
ithielmann@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY 10017
Telephone: (212) 447-7070
Facsimile: (212) 447-7077

WOOD LAW FIRM, LLC
E. Kirk Wood (ASB-2937-W55E)
ekirkwood1@cs.com
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Tel: (205) 612-0243
Fax: (866) 747-3905

LAW OFFICES OF GREG L. DAVIS
Greg L. Davis
gldavis@knology.net
6987 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080

Howard Rubinstein
Attorney at Law
howardr@pdq.net
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
Tel: (832) 715-2788

*Attorneys for Plaintiffs*

-5-