# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CAROL GALVAN, and LOLIS TACKWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KROSSLAND COMMUNICATIONS, INC.; et al.,<br><br>Defendants. | CASE NO. 8:08-CV-00999 JVS (ANx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>Date:        May 21, 2012<br>Time:        1:30 p.m.<br>Judge:      Hon. James V. Selna<br>Trial Date:   Vacated<br>Jury Trial Demanded<br><br>Complaint Filed: September 5, 2008 |

THIS MATTER having been brought before the Court jointly by Plaintiffs, through The Consumer Law Group of California ("CLGCA"), The Wood Law Firm, The Law Offices of Greg L. Davis, The Law Office of Howard Rubinstein, and Whatley Drake & Kallas, LLC ("Whatley Drake") (together, "Plaintiffs' Counsel"), and by Defendant Krossland Communications, Inc. ("Krossland"), through its attorneys, The Law Office of Sang I. Lee, pursuant to Fed. R. Civ. P. 23(e), for an Order granting preliminary approval of a class action settlement, and directing the dissemination of class notice (the "Motion"); and the Court having reviewed the submissions of the parties, having held a hearing on April 30 and May

-1-

14, 2012, and having found that the parties are entitled to the relief they seek; and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. The proposed Class Settlement Agreement and Release dated March 27, 2012 (the "Settlement Agreement"), submitted with the Motion, as amended on May 4, 2012, and modified on the record on May 14, 2012, is preliminarily approved as being within the range of potential final approval.[1]

2. <u>Conditional Class Certification For Settlement Purposes</u>: Based upon the submissions of the parties, for purposes of the settlement only, the Court modifies the class definition it previously issued on October 25, 2011 and preliminarily approves Plaintiff Lolis Tackwood ("Class Representative") as representative of the Settlement Class, represented by Plaintiffs' Counsel, and conditionally certifies a Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) comprised of all Persons (except those provided under the Settlement Agreement) who, at any time during the period of August 26, 2004 through the date of entry of this Order, purchased a pre-paid Krossland Calling Card distributed by Krossland in the United States other than calling cards distributed by Locus, AT&T, Boost, T-Mobile, Total Call or IDT.

3. The Consumer Law Group of California ("CLGCA"), The Wood Law Firm, The Law Offices of Greg L. Davis, The Law Office of Howard Rubinstein and Whatley Drake & Kallas LLC ("Whatley Drake") are appointed as Settlement Class Counsel.

4. The Court finds that the Settlement Agreement falls "within the range of possible approval." Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") §21.632 (4th ed. 2004). Accordingly, the Settlement Agreement is

---

[1] Except as otherwise specified herein, all defined terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement.

preliminarily approved, subject to a further determination to be made after a Fairness Hearing, as defined below, and is sufficient to warrant sending notice to the Settlement Class.

5. A final hearing (the "Fairness Hearing") shall be held before this Court on August 27, 2012 at 9:00 a.m., to determine whether (a) this action meets each of the prerequisites for class certification set forth in Fed.R.Civ.P. 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Fed. R. Civ. P. 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) orders granting final approval of the Settlement Agreement, entering final judgment and dismissing the Second Amended Complaint in the above-captioned action with prejudice ("Final Settlement Order and Judgment"), consistent with the terms provided for in the Settlement Agreement, should be entered; and (d) the application of Settlement Class Counsel for the payment of attorneys' fees and expenses for Plaintiffs, and payment to the Class Representative, is reasonable and should be approved. The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Settlement Class.

6. At the Fairness Hearing, the Court will consider and determine whether the Settlement Agreement should be finally approved as fair, adequate and reasonable in light of any objections presented by Class Members and the parties' responses to any such objections.

7. Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Any member of the Settlement Class who so objects may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable. Each Settlement Class Member who wishes to object to any term of the Settlement Agreement must do so in writing by

-3-

filing a written objection with the Clerk of the Court and mailing it to counsel for the parties. Any such objection must be filed with the Clerk of the Court and received by counsel for the parties no later than 30 days before the date of the Fairness Hearing. The objection must include the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Krossland Calling Card(s); the name and approximate total dollar amount of such purchase(s); and copies of any materials that will be submitted to the Court or presented at the Fairness Hearing. The objection must be signed by the Settlement Class Member and must clearly state in detail the legal and factual grounds for objection; must include the Settlement Class Member's name, address, and, if available, telephone number; and, if represented by counsel, counsel's name, address, and telephone number. All objections that fail to satisfy the requirements of this paragraph shall not be effective. Any objection that is not properly and timely submitted will not be considered by this Court and will be deemed waived, and those Settlement Class Members shall be bound by the final determination of this Court.

8. Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a request for exclusion from the Settlement Class to counsel for the parties, so that such request is postmarked no later than 21 days before the date of the Fairness Hearing. The request must (a) be signed by the Settlement Class Member, (b) the date(s) or approximate date(s) of the Person's purchase(s) of Krossland Calling Card(s), the names and approximate total dollar amount of such purchase(s); (c) express the Person's desire to be excluded (or to "opt out") from the Settlement Class; and (d) include the Settlement Class Member's name, address and, if available, telephone number; and, if represented by counsel, counsel's name, address and telephone number. Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for himself or herself and, except for minors, cannot opt out for any other Person, nor can any

Person within the Settlement Class authorize another Person to opt out on his or her behalf. Any request for exclusion that fails to satisfy the requirements of this paragraph shall not be effective. Any Person included within the Settlement Class who does not properly and timely submit a request for exclusion, as required above, shall be deemed to have waived all rights to opt out of the Settlement Class, and shall be deemed a Settlement Class Member for all purposes pursuant this Order.

9. The Court finds that the manner and content of the Settlement Notice specified in the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances. All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Krossland.

10. If the Settlement Agreement is finally approved, the Court shall enter a separate order finally approving the Settlement Agreement, entering judgment and dismissing the Second Amended Complaint with prejudice consistent with the terms of the Settlement Agreement. Such order and judgment shall be fully binding with respect to all members of the Settlement Class and the Released Parties.

11. In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the final order and judgment set forth herein does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

12. The Court hereby appoints Garden City Group LLC as the Settlement Administrator to perform the duties set forth in the Settlement Agreement in

accordance with the schedule set forth in this Order. The dates of performance are as follows:

    (a)    The Settlement Notice shall be posted on www.krosslandsettlement.com, or such other domain as agreed to by the parties, within 20 business days of entry of this Order. A copy of the Settlement Agreement shall be made available, in both English and Spanish, to the public by accessing a discrete settlement website through a link on the Settlement Website, or by calling a toll free number to be established by the claims administrator. This website shall be operational no later than 20 business days after entry of this Order.

    (b)    Beginning no later than 20 business days of entry of this Order, the Summary Notice shall be published by national press release via PR Newswire, and one time per week for two consecutive weeks in the California edition of La Opinion (Spanish language).

    (c)    Within 20 days from the date of entry of this Order, Krossland shall disseminate the Summary Notice to all Persons to whom it has directly distributed or sold Krossland Calling Cards during the preceding 120 business days, and shall provide a list to the Settlement Administrator of all Persons who directly distribute or sell Krossland Calling Cards along with a letter approved by Krossland and Settlement Class Counsel explaining that such notice is to be placed in accordance with the terms of this Order and that any retailers are to use Best Efforts to ensure that Summary Notice is posted in retail locations where Krossland Calling Cards are sold and in a place and manner where such Summary Notice is visible to the retail locations' customers. The Settlement Administrator shall be responsible for disseminating the Summary Notice.

     (d)    Within 7 days from the date of this Order the Settlement Administrator shall provide to Krossland for comment any proposed voice prompt recordings or scripts that the Settlement Administrator may use to answer any questions Settlement Class may have regarding the Settlement. Krossland shall provide Settlement Class Counsel with any comments on any proposed voice prompt recordings or scripts 7 days thereafter. Settlement Class Counsel shall notify Krossland in writing within 7 days of their receipt of the scripts or recordings if they object to any aspect of the script or recording. Should the parties not be able to resolve their differences, the parties agree to submit the dispute to the Designated Arbitrator for resolution;

     (e)    Within 28 days of entry of this Order, the Settlement Administrator shall establish a dedicated, toll-free telephone number that Persons can call to hear information regarding the Settlement, in both Spanish and English. This toll-free number will be available through the end of the Claims Submission Period. The Settlement Administrator shall also place information regarding the status of the Claims Submission Period at the Settlement Website within 20 business days of entry of this Order, continuing until the end of the Claims Submission Period.

     (f)    The parties shall file and serve papers in support of final approval of the settlement, including an award of attorneys' fees, costs and litigation expenses, by July 26, 2012, and any responses to any objections that may be filed by August 3, 2012.

     (g)    The Fairness Hearing shall be held on August 27, 2012 at 9:00 a.m.

13.    This Court hereby enters a preliminary injunction barring and enjoining the Class Representative and all Settlement Class Members from bringing,

-7-

filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims, until such time as this Court has ruled on the fairness of the settlement terms following the Fairness Hearing. This injunction shall be vacated without further court order if the settlement is not finally approved.

DATED: May 21, 2012

_____
HON. JAMES V. SELNA
U.S. District Court Judge