UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc.,et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alan Mansfield | Sang Lee |

**Proceedings:** Plaintiffs' Motion for Final Approval of Class Action Settlement (Fld 7-26-12)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. The Court and counsel confer. The Court GRANTS the plaintiffs' motion and rules in accordance with the tentative ruling as follows:**

Plaintiffs Lolis Tackwood ("Tackwood") and Carol Galvan ("Galvan") on behalf of themselves and others similarly situated, (collectively, "Plaintiffs") and Defendant Krossland Communications, Inc. ("Krossland") jointly move for final approval of a proposed class action settlement. (Joint Mot., Docket No. 150.) No objection to the proposed settlement has been filed. For the following reasons, the Motion is GRANTED.

I.   Background

Plaintiffs allege that Krossland created and disseminated false advertisements concealing fees and additional charges on their pre-paid calling cards and engaged in other unfair business practices, in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 et seq.

On October 25, 2011, the Court certified the following class:

> all persons residing in California and all other states where
> Krossland distributed and sold pre-paid calling cards who, since
> August 26, 2004, purchased, other than for purposes of re-sale,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc.,et al. | | |

        pre-paid calling cards that were distributed by Krossland, other than La Victoria and La Buena calling cards and calling cards distributed by AT&T, T-Mobile, or Boost.

(Docket No. 133.)  The Class was certified with respect to Plaintiffs' UCL, CLRA, and breach of contract claims.  (Id.)  The Court found that Plaintiffs had satisfied their burden pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for each of these claims.  (Id.)

      The parties reached a settlement in principle in December 2011, with the assistance of Magistrate Judge Arthur Nakazato.  (Joint Mot. 2.)  The parties signed a Class Settlement Agreement and Release (the "Settlement") on March 27, 2012.  (Declaration of Alan M. Mansfield ("Mansfield Decl.") ¶ 27, Docket No. 150-2.)  The proposed Settlement includes injunctive relief and damages in the form of Krossland calling cards with a value of up to $16 per Claim, based on 30 percent of the total face value of the calling card submitted for reimbursement.  (Supplemental Declaration of Alan Mansfield ("Supp. Mansfield Decl."), Ex. 5, p. 3, Docket No. 146-1.)  The total amount recoverable by Class members is capped at $250,000, less the cost of settlement administration.  (Settlement, p. 11.)  The settlement administration is anticipated to cost $40,100.  (Supplemental Declaration of Jennifer M. Keough ("Supp. Keough Decl.") ¶ 5, Docket No. 157-1.)  Thus, under the parties' proposal, the net amount available to the Class members will be approximately $209,900.  The Settlement also provides for a payment of $40,000 to Plaintiffs' counsel for attorneys' fees and costs, which is approximately five percent of the lodestar amount Plaintiffs' counsel has already incurred or 16 percent of the Settlement fund. (Mansfield Decl. ¶¶ 31, 34.)  The fees and cost award will not be deducted from the Settlement fund.  (Settlement, p. 11.)

      The parties jointly moved for preliminary approval of the Settlement on April 2, 2012.  (Docket No. 143.)  The Court denied preliminary approval, subject to further review.  (Docket No. 145.)  In the order denying preliminary approval, the Court listed six shortcomings in the Settlement and moving papers, and invited counsel to respond in supplemental briefing.  (Id.)  Upon further negotiations with Krossland, Plaintiffs' counsel filed a supplemental brief (Docket No. 146) and declaration (Docket No. 147) addressing the Court's concerns.  Satisfied with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-0999-JVS (ANx)                                       Date   November 5, 2012

Title   Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

Settlement revisions, the Court granted preliminary approval of the Settlement on May 14, 2012. (Docket No. 148.)

The parties jointly seek an order granting final approval of the Settlement, dismissal of the case with prejudice, and payment of Plaintiffs' attorneys' fees and incentive compensation to Tackwood, the Class representative. Previously, the Court observed four shortcomings in the Motion for Final Approval and sought additional briefing on these points. (Docket No. 156.) The parties timely responded via a joint stipulation. (Docket No. 157.) The Court now addresses the merits of the Motion.

II.   <u>Class Certification for Purposes of Settlement</u>

The parties jointly request that the Court finally certify the following proposed Settlement Class:

> All Persons who, at any time during the period of August 26, 2004 through the date of the entry of the Order of Preliminary Approval, purchased a Krossland Calling Card in the United States other than calling cards distributed by Locus, AT&T, Boost, T-Mobile, Total Call or IDT. The Released Parties, and their respective officers, directors, employees, and counsel, and Plaintiffs' Counsel, are not included in the Settlement Class. All federal judges and members of their families within the first degree of consanguinity, and officers and directors of the Settling Defendants, are also excluded from the Settlement Class.

(Settlement, Mansfield Decl., Ex. 1, ¶ O, Docket No. 143-2.) The Court provisionally certified this Settlement Class on May 14, 2012. (Docket No. 148.) Nothing has changed in the interim that would warrant a deviation from the Court's prior ruling. Accordingly, for the reasons specified in the May 14, 2012 Order, the Court certifies the Settlement Class for final approval of the Settlement.

III.   <u>Approval of Class Settlement</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-0999-JVS (ANx)    Date   November 5, 2012

Title   Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

A final class settlement will be approved only if the parties show (1) that reasonable notice was given to all class members who would be bound by the settlement, (2) that members were provided the opportunity to object to the settlement, and (3) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The Court finds that Class members were given reasonable notice and a sufficient opportunity to object to the Settlement, and that the Settlement is fair, reasonable, and adequate.

### A.     Notice Requirement

"Adequate notice is critical to court approval of a class [action] settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998); Fed. R. Civ. P. 23(e)(1). In this case, the Settlement Administrator mailed class notice packets to 2,219 Class members via first class mail on May 29, 2012. (Declaration of Jennifer M. Keough ("Keough Decl.") ¶ 4, Docket No. 150-4.) As of August 24, 2012, 46 packets had been return to the settlement administrator as undeliverable. (Supp. Keough Decl. ¶ 3.) Of those returned, the settlement administrator was able to locate two current addresses and successfully deliver two packets. Id.

Per the Court's order, the settlement administrator also provided notice through the following channels. First, English and Spanish versions of summary notices were published by national press release via *PR Newswire's National U.S.1* and *Hispanic Newsline* on June 11, 2012, and the Spanish version summary notice was also published in the California edition of *La Opinion* on June 12, 2012 and June 20, 2012. (Id. ¶ 5, Ex. B.) Second, on May 31, 2012, the settlement administrator set up a website containing information about the lawsuit in English and Spanish. (Id. ¶ 6.) As of July 24, 2012, the website has received 451 visits. (Id.) Third, as of May 29, 2012, the settlement administrator had established an automated Spanish and English language toll-free telephone number to field inquiries from Class members. (Id. ¶ 7.) The settlement administrator continues to service that toll-free line. (Id.) As of July 24, 2012, there have been 78 calls to the automated number and 29 transcribed voice messages requesting the long-form notice and claim form in English or Spanish. (Id.) Each of these channels of notice have informed Class members of their right to object, and no Class members have objected. (Id. ¶¶ 8-9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc.,et al. | | |

The Court finds that the Class members have been provided with adequate notice through multiple channels. The notice clearly and accurately informs Class members of their right to submit Claims under the Settlement or opt out of the Class, and the processes for doing either. The number of visits on the Settlement website and the number of calls on the Settlement hotline indicate that notice has been effective. Accordingly, the Court finds that notice has been adequate to support final approval of the Settlement.

### B.     Fair, Reasonable, and Adequate Settlement Terms

"In evaluating a class action settlement under Rule 23(e), the district court determines whether the settlement is fundamentally fair, reasonable, and adequate." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citing Fed. R. Civ. P. 23(e)). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." Id. To determine whether a class action settlement "is fair, reasonable, and adequate," the Court must analyze the terms of the agreement. Fed. R. Civ. P. 23(e)(2). However, "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." In re Syncor, 516 F.3d at 1101. "[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Hanlon 150 F.3d at 1025 (9th Cir. 1998) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981)). Nevertheless, the district court does not have the "ability to delete, modify or substitute certain provisions." Id. at 1026 (internal quotation marks and citation omitted). "The settlement must stand or fall in its entirety." Id. In reviewing the settlement as a whole, Hanlon further instructs that:

> [a]ssessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc., et al. | | |

Id.; see also Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

The Court previously analyzed the majority of these factors when it preliminarily approved the Settlement. As noted in the previous order, this case has been actively litigated since August 2008, and discovery largely has been completed. The parties have engaged in settlement negotiations throughout the litigation, and they participated in a mediation session with the Honorable Arthur Nakazato. (Mansfield Decl. ¶ 4, Docket No. 143-2.) The Court finds no evidence that the Settlement was the product of fraud or collusion; all negotiations seem to have occurred at arms length. For the reasons articulated in the previous order and the additional reasons set forth below, the Court finds that the Settlement is fair, adequate, and reasonable.

The Settlement provides two forms of relief to Class members. First, the Settlement provides injunctive relief, stating that counsel for the parties will review Krossland's current disclosure on calling cards, advertisements and point of sale material to determine whether it is in compliance with applicable calling card regulations. (Settlement ¶ 6.) If the cards to do not comply, Krossland will revise those disclosures or use its best efforts to ensure its calling call service providers do so as a pre-condition of distributing such cards. (Id.) This injunction will be in place for five years from the Settlement effective date. (Id.) Second, Krossland will provide each eligible Claim with a Refund PIN that can be used to make telephone calls to any location in North, Central, or South America, at the rate of 20 cents per minute to any telephone number within the United States or any landline number in North, Central or South America, and 50 cents a minute to any cellular telephone number outside the United States. (Revised Class Notice, Supp. Mansfield Decl., Ex. 5, p. 3.) The calling card will be usable for a period of one year from the date it is activated; a deadline for use will be printed on the card. (Id.) A claimant may not submit or receive a refund for more than a total amount of $16 worth of eligible Krossland calling cards PINs, based on 30 percent of the total face value of cards submitted by the claimant, rounded up to the nearest 50-cent increment. (Id.) Given that most Class members received between 50 and 60 percent of the minutes promised on the calling cards (Supp. Mansfield Decl. ¶ 11), a rebate of 30 percent of the value of the card is a fair compromise. See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 527 (C.D. Cal. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc.,et al. | | |

("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class member at trial.")  In sum, the Court finds that the Settlement provides meaningful compensation and an effective mechanism for preventing future harm.

Class members have reacted positively to the Settlement.  The deadline for submitting a Claim is December 10, 2012, and as of October 31, 2012, the settlement administrator had received 483 Claims.  (Supplemental Declaration of Alan M. Mansfield ¶ 2, Docket No. 149.)  Moreover, the deadline for objecting to the Settlement was July 27, 2012, and no Class member objected or opted out of the Settlement.  (Keough Decl. ¶ 9.)  The remaining funds will be returned to Krossland.  The fact that Claims have been submitted well in advance of the Claim deadline, and the lack of objections and opt-outs suggest that the Settlement is fair and reasonable.

The Court finds that the Settlement terms compare favorably to the uncertainties associated with continued litigation.  Nat'l Rural Telecomm., 221 F.R.D. at 526.  Specifically, the Court considers Krossland's precarious financial position and the real threat that Plaintiffs may be deprived of any recovery if mediation or litigation continues.  (Supp. Mansfield Decl. ¶¶ 8-10.)  Moreover, Krossland denies liability and would challenge the merits of Plaintiffs' claims if this action cannot be settled.  The risks of continued litigation are high and recovery is not certain, absent settlement.  "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  Nat'l Rural Telecomm., 221 F.R.D. at 526.  Thus, settlement will likely serve the interests of Class Members better than litigation in this case.

For these reasons, the Settlement terms are fair, reasonable, and adequate in light of the circumstances of this case.

IV.     Class Representative Incentive Award

In Court's order granting preliminary approval of the Settlement, the Court noted that it would not grant final approval of any Settlement that included incentive compensation for Carol Galvan because she is not a member of the certified Class.  (Docket No. 149.)  Initially, the parties did not remove Galvan

Case 8:08-cv-00999-JVS-AN   Document 160   Filed 11/05/12   Page 8 of 11   Page ID #:2352

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-0999-JVS (ANx)                                   Date   November 5, 2012

Title   Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

from the compensation clause in the Settlement, but they did so subsequently via amendment, which they submitted after moving for final approval. (Joint Supp. Br., Ex. 3, Docket No. 157.) The amended Settlement provides incentive compensation not to exceed $2,000 to Tackwood, a proper Class representative.

Courts have discretion to issue incentive awards to class representatives. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009). The awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and sometimes, to recognize their willingness to act as a private attorney general." Id.

Here, Tackwood has been actively involved in litigating this case. She reviewed and approved the filing of the original and amended complaints, appeared at one of the mediation conferences, prepared for and attended her deposition, and responded to one set of written discovery. (Declaration of Lolis Tackwood ("Tackwood Decl."), ¶ 2, Docket No. 150-3.) Tackwood estimates that she devoted 25 hours to this case. (Id.) The Court finds that Tackwood's devotion of time and energy warrants incentive compensation. The modest award is fair, adequate, and reasonable in light of her involvement.

V.   Attorneys' Fees and Costs

The Court may award reasonable attorneys' fees and costs in certified class actions where they are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Even when parties have agreed to a fee award, courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). In this case, Class counsel has applied for an award of $40,000 for attorneys' fees and litigation costs, which is 16 percent of the $250,000 Settlement fund.

When a settlement creates a common fund for the benefit of the entire class, as it does in this case, the Court has discretion to evaluate the reasonableness of the award under the percentage-of-recovery ("POR") method or the lodestar calculation method. Id. at 942. "Because the benefit to the class is easily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-0999-JVS (ANx)                                Date   November 5, 2012

Title   Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." Id.  However, courts routinely cross-check the POR calculation with the lodestar method.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).  The primary, if not singular, purpose of the cross-check is to ensure counsel is not overcompensated.  See, e.g., In re Bluetooth, 654 F.3d 935, 944-45 (explaining how a cross-check guards against unreasonably high fee awards).  Here, the Court first analyzes the reasonableness of the fee award under the POR method, then performs a cross-check using the lodestar method.  As discussed below, the modest award sought in this case passes muster under either test.

      The benchmark POR for attorneys' fees in a common fund settlement is 25 percent of the total settlement fund.  In re Bluetooth, 654 F.3d at 942; see Boeing Co. v. Van Gemert, 444 U.S. 472, 478-80 (1980).  The percentage can be adjusted from the benchmark after taking into account several factors, such as the results achieved, the risk involved in undertaking the litigation, the generation of benefits beyond the cash settlement fund, the market rate for services, the contingent nature of the fee, the financial burden to counsel, the skill required, the quality of the work, and the awards in similar cases.  Vizcaino, 290 F.3d at 1048; Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

      In this case, the Settlement provides for an attorneys' fee award not to exceed $40,000, which amounts to a POR of 16 percent.  This amount is well under the 25 percent benchmark used in the Ninth Circuit.  Given Krossland's financially precarious state and the relatively low total Settlement fund, the Court finds that the proposed amount of attorneys' fees is appropriate.

      Moreover, a lodestar cross-check confirms that the fees award will not overcompensate Class counsel.  "The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." Hanlon, 150 F.3d at 1029.  Here, Plaintiffs' counsels' lodestar amount is $509,340, which is based on 1181.25 hours of work performed at billing rates that range from $125 per hour for certain paralegal work to $800 per hour for one of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-0999-JVS (ANx) | Date | November 5, 2012 |
| Title | Carol Galvan, et al. v. KDI Distribuation Inc., et al. | | |

the attorneys on the matter.[1] (See Mansfield Decl., Exs. A-C.) The Court has reviewed Class counsels' figures and finds the billing rates and hours spent to be sufficiently justified and reasonable. Additionally, Plaintiffs' counsel incurred $10,733.80 in litigation costs. (See id.) Thus, the fee and costs award of $40,000, as provided by the Settlement, is only a fraction of the total lodestar. The downward departure from the lodestar and the usual POR benchmark is reasonable in light of the risks of prolonging litigation. The parties have agreed to this downward departure, which is also evidence of its reasonableness.

In short, the modest attorneys' fees and costs award is reasonable in light of the circumstances in this case.

VI. Claim Servicing Fee

The Settlement provides that "[a]ll costs and expenses of class notice and administration of the Claim shall be paid or borne by Krossland but shall count towards satisfying the settlement cap amount." (Settlement, p. 14.) To date, claim administration has costed approximately $32,100, and the claims administrator estimates an additional $8,000 in administration fees to complete the claims process. The Court finds a total award of $40,100 for claims administration to be reasonable, in light of the size of the class, the difficulty of identifying potential Class members, and the difficulty of providing each channel of notice in both English and Spanish. The claims administrator properly accomplished notice to the Class according to the terms of the Settlement and the instructions of the Court. The Court finds no indication that the claims administrator will fail to carry out its remaining duties. Accordingly, the Court approves a $40,100 payment to the claims administrator.

---

[1] Though Mansfield represents that the total hours devoted to this case was 1,196, careful consideration of the timesheets show that the total was 1,181.25 hours. Mansfield stated in his declaration that the total lodestar amount for his 333.75 hours of work and his paralegal's 263 hours of work was $254,772.50, (Mansfield Decl. ¶ 31; Mansfield Decl., Ex. A); however, in Exhibit C there is a charge for 13.70 hours for Mansfield's work, which Plaintiffs added on top of Mansfield "total" amount in Exhibit A, (Mansfield Decl., Ex. C). Given the inconsistency between Mansfield's declaration and the timesheets, the $8,905.00 charged for Mansfield's 13.70 hours is deducted from the total lodestar. This minor adjustment, however, is inconsequential, given that the Settlement provides for a fees award that is only a fraction of Plaintiffs' counsels' total lodestar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 08-0999-JVS (ANx)                                  Date  November 5, 2012

Title    Carol Galvan, et al. v. KDI Distribuation Inc.,et al.

VII.  <u>Conclusion</u>

    For the foregoing reasons, the Court GRANTS final approval of the Class Action Settlement.  The Court finds that the Settlement is fair, adequate, and reasonable; notice accords with due process; no class members have objected; and there has been a requisite showing for the award of reasonable attorneys' fees and costs, an incentive award to Tackwood, and claim administration costs.

    IT IS SO ORDERED.

    Counsel shall prepare, serve and submit, forthwith, a final order consistent with the Court's order today.

|  | 0 | : | 01 |
|---|---|---|---|
| Initials of Preparer | kjt | | |