JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CAROL GALVAN, and LOLIS TACKWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KROSSLAND COMMUNICATIONS, INC.; et al.,<br><br>Defendants. | CASE NO.  8:08-CV-00999 JVS (ANx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

THIS MATTER having been brought before the Court jointly by Plaintiff Lolis Tackwood, and The Consumer Law Group of California ("CLGCA"), The Wood Law Firm, The Law Offices of Greg L. Davis, The Law Office of Howard Rubinstein, and Whatley Drake & Kallas, LLC ("Whatley Drake") (together, "Settlement Class Counsel"), and by Defendant Krossland Communications, Inc. ("Krossland"), through its attorneys, The Law Office of Sang I. Lee, by motion, pursuant to Federal Rule of Civil Procedure 23(e), for an Order granting final approval to a class action settlement (the "Class Action Settlement") and for entry of a final judgment dismissing the Second Amended Complaint in the above-captioned action with prejudice; and the Court having reviewed the submissions of the parties, any properly and timely filed objections to the proposed class action

-1-

settlement, and the parties' responses to such objections, and having held a Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e)(2) on November 5, 2012 (the "Fairness Hearing"), and having found for the reasons set forth in the attached Civil Minutes, that the Parties are entitled to the relief they seek, the Court makes the following findings:

1. With respect to the Settlement Class,[1] the Court has previously held that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Mr. Tackwood's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) Mr. Tackwood and Settlement Class Counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action. The same findings apply with respect to the modified definition of the class as provided for in the Settlement Class. The Court therefore determines that this action satisfies the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a) and may be maintained as a class action under Federal Rules of Civil

///

---

[1] Unless otherwise specified herein, all defined terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement and the Order Granting Motion for Preliminary Approval of Class Action Settlement and Directing Dissemination of Class Notice.

Procedure 23(b)(2) and 23(b)(3), with Mr. Tackwood representing the following Settlement Class, which the Court hereby finally certifies:

> All persons (other than those set forth in the Settlement Agreement who by definition are not included in the Settlement Class) who, at any time during the period of August 26, 2004, through the date of entry of this Court's Order Granting Motion for Preliminary Approval of Class Action Settlement and Directing Dissemination of Class Notice (the "Preliminary Approval Order"), purchased a Krossland pre-paid Calling Card distributed by Krossland in the United States, other than for purposes of re-sale, and other than calling cards distributed by Locus, AT&T, T-Mobile, Boost, Total Call, or who did not "opt out" of the Settlement Class by mailing a timely and valid request for exclusion pursuant to the Preliminary Approval Order.

2. Notice to the Settlement Class and the appropriate public officials pursuant to the provisions of the Class Action Fairness Act has been provided in accordance with the Preliminary Approval Order. Such Settlement Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process. The Settlement Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order and by the final judgment to be entered pursuant thereto.

3. The Settlement Agreement and Release dated March 27, 2012 (the "Settlement Agreement") was arrived at after extensive arm's-length negotiations

conducted in good faith by counsel for all parties in the above-captioned action, several private mediations with Magistrate Judge Arthur Nakazato among the parties, and is supported by the members of the Settlement Class.

4. No purported members of the Settlement Class have opted out of the Settlement Class nor filed an objection to the settlement.

5. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for difference of opinion.

6. The settlement is fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

7. The promises and commitments of the parties under the terms of the Settlement Agreement, including the injunctive relief provisions contained therein, constitute fair value given in exchange for the releases of the Released Claims against the Released Parties.

8. The parties and each Settlement Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

9. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Parties that in any way relates to the applicability or scope of the Settlement Agreement, including the injunctive relief provisions contained therein, or of this Order, should be presented exclusively to this Court for resolution by this Court.

Based upon the foregoing, and all of the evidence presented in the record,

IT IS ORDERED as follows:

/ / /

-4-
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION      CASE NO.: 8:08-CV-00999-JVS (ANX)
SETTLEMENT, FINAL JUDGMENT & ORDER OF DISMISSAL
WEST\21705072.1

1. The parties' request for final approval of the Class Action Settlement is **GRANTED**.

2. The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class, and the parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

3. The proposed method for providing relief to Settlement Class Members in the form of credits and other relief to the Settlement Class, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby ordered to provide and comply with the relief described in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

4. For five (5) years following the date of the Settlement Agreement, Krossland shall provide Class Counsel with an annual report regarding their compliance with the terms of the Settlement Agreement. The Court retains jurisdiction over any dispute arising over the accuracy of the report and over compliance with the provisions for injunctive relief as set forth in Sections 6(g) of the Settlement Agreement.

5. The proposed fee and expense award to Settlement Class Counsel, and the payment to Mr. Tackwood as set forth in Class Counsel's fee and expense application, are approved. These amounts shall be paid directly to Class Counsel as agreed between the parties in accordance with the provisions of the Settlement Agreement, to be allocated between Class Counsel as agreed between them.

6. The above-captioned action is hereby dismissed on the merits with prejudice as to all Parties, consistent with the terms and releases as set forth in the Settlement Agreement.

7. By this Order and the Judgment entered pursuant to it, effective as of the Settlement Effective Date, and in consideration of the Settlement Agreement

and the benefits extended to the Settlement Class, Mr. Tackwood, on behalf of the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, are deemed to fully release and forever discharge the Released Parties from the Released Claims as set forth in the Settlement Agreement, and the Released Parties shall have released the claims as set forth in the Settlement Agreement. Effective as of the Settlement Effective Date, the Court orders and enters a permanent injunction barring and enjoining the Parties, the Released Parties, and the Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the claims as set forth in this Paragraph and as described in the Settlement Agreement.

8. Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction over this settlement, including the administration, consummation, and enforcement of the Settlement Agreement and the injunctive relief provisions set forth in Section 6(g) of the Settlement Agreement. In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over the Parties, the Released Parties, and each member of the Settlement Class, who are deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order and the terms of the Settlement Agreement.

9. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order as of the date of this Order.

DATED: January 28, 2013

_____
HON. JAMES V. SELNA
U.S. District Court Judge

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT & ORDER OF DISMISSAL       CASE NO.: 8:08-CV-00999-JVS (ANX)
WEST\21705072.1